**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-2(c)**
**ORTIZ & ORTIZ, LLP**
32-72 Steinway Street, Ste. 402
Astoria, New York  11103
Tel. (718) 522-1117   Fax (718) 596-1302
*Attorneys for the Defendants*
**Norma E. Ortiz (no-4748)**

| | |
|---|---|
| In re:<br><br>JORGE L. PANEQUE AND<br>BELKIS L. PANEQUE,<br><br>                Debtors. | Case No. 13-25816 TBA<br><br>Hon. Vincent F. Papalia<br><br>Chapter  7 |
| ESTATE OF BASILIO VILLAREAL and BMV INC.,<br><br>        Plaintiffs,<br><br>vs.<br><br>JORGE L. PANEQUE, D/B/A PANEQUE<br>ACCOUNTING SERVICES, LEOBIGILDA<br>PANEQUE A/K/A BELKIS L. PANEQUE,<br><br>        Defendants. | Adv. Proc. No. 13-02023<br><br>Hearing Date:<br>May 19, 2015 @ 10:00 a.m. |

---

### MEMORANDUM OF LAW IN OPPOSITION
### TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

---

**<u>On The Brief:</u>**
Norma E. Ortiz, Esq.
Martha J. de Jesus, Esq.

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT..................................................................................1

STATEMENT OF FACTS.....................................................................................2

ARGUMENT......................................................................................................4

POINT I

THE PLAINTIFFS HAVE NOT MET THEIR BURDEN OF PROOF BECAUSE
THERE ARE GENUINE ISSUES OF MATERIAL FACTS AND AN ABSENCE OF
SUFFICIENT ADMISSIBLE EVIDENCE TO ESTABLISH THAT THE DEBTOR
OBTAINED MONEY FROM THE PLAINTIFFS BY WAY OF FALSE
REPRESENTATIONS CONCERNING HIS FINANCIAL CONDITION UNDER
11 U.S.C. § 523(a)(2).......................................................................................4

    A.        The Plaintiffs Have Failed to Meet their Burden Under Rule 56...........................4

    B.        Plaintiffs Failed To Adequately Prove The Elements Required By Section
            523(a)(2)(A) Since the Defendant Did Not Make Materially False Statements Or
            Intend To Deceive the Plaintiffs Regarding His Intention to Repay The Loans......6

    C.        The Debtor Did Not Make False Statements Regarding His Financial
            Circumstances to the Plaintiffs Either by Overt Statements or Omissions to Obtain
            the Disputed Loans from the Plaintiffs....................................................8

        (i)        False Representation by Overt Statements..................................................8

        (ii)       False Representation by Omission...........................................................9

    D.        The Plaintiffs Failed To Prove The Defendant Possessed The Necessary Intent to
            Support their Section 523(a)(2)(A) Claims..............................................11

    E.        Plaintiffs Fail To Adequately Prove The Defendant Used A Written Statement to
            Induce Loans Pursuant to Section 523(a)(2)(B)........................................13

POINT II

THE PLAINTIFFS HAVE NOT MET THEIR BURDEN OF PROOF BECAUSE
THERE ARE GENUINE ISSUES OF MATERIAL FACTS AND AN ABSENCE OF
SUFFICIENT ADMISSIBLE EVIDENCE TO ESTABLISH THAT THE DEBTOR
ENGAGED IN FIDUCIARY FRAUD UNDER 11 U.S.C. § 523(a)(4)..........................14

i

A.    The Debtor was Not a Fiduciary to the Plaintiffs in Connection with the Disputed Loans...................................................................................................................14

B.    The Plaintiffs Have Failed to Establish the Debtor Committed Fraud or Defalcation...............................................................................................................17

POINT III

THE PLAINTIFFS HAVE NOT MET THEIR BURDEN OF PROOF BECAUSE THERE ARE GENUINE ISSUES OF MATERIAL FACTS AND AN ABSENCE OF SUFFICIENT ADMISSIBLE EVIDENCE TO ESTABLISH THAT THE DEBTOR WILLFULLY AND MALICIOUSLY DEPRIVED THE PLAINTIFFS OF THEIR MONEY 11 U.S.C. § 523(a)(6)..................................................................................................................18

## Table of Authorities

**Cases**

Bombardier Capital v. Baietti (In re Baietti), 189 B.R. 549 (Bankr. D. Me. 1995)...........................9

Collier v. Goepp (In re Goepp), 455 B.R. 388 (Bankr. D.N.J. 2011)..........................................11

Conte v. Gautum (In re Conte), 33 F.3d 303, 307 (3d Cir.1994)............................................. 23

Farraj v. Soliz (In re Soliz), 201 B.R. 363 (Bankr. S.D.N.Y. 1996)........................................9

GMAC Inc. v. Coley (In re Coley), 433 B.R. 476 (Bankr. E.D. Pa. 2010).................................4, 7

Green v. Salvatore (In re Salvatore), 2011 WL 2115816 (Bankr. D.N.J. 2011)........................ 12

Grogan v. Garner, 498 U.S. 279 (1991)................................................................................. 6

In re Balzano, 127 B.R. 524, 531 (Bankr. E.D.N.Y. 1991) ...............................................12-13

In re Cohn, 54 F.3d at 1117 .............................................................................................. 16

In re Farley, 156 B.R. 486 (Bankr. W.D. Pa. 1993).........................................................13

In re Gans, 75 B.R. 474, 487 (Bankr. S.D.N.Y. 1987)..................................................12-13

In re Gonzalez, 2014 Bankr. LEXIS 3225, 2014 WL 3725937 (Bankr. D.N.J. July 28,
2014)..................................................................................................................................17

In re Ijbara, 2015 Bankr. LEXIS 1251 (Bankr. D.N.J. Apr. 10, 2015)........................................11

In re Khalif, 308 B.R. 614 (Bankr. N.D. Ga. 2004).........................................................13

In re Marcet, 352 B.R. 462 (Bankr. N.D. Ill. 2006)........................................................13

In re Rausch, 49 B.R. 562 (Bkrtcy.D.N.J.1985)..............................................................15

Kuper v. Spar (In re Spar), 176 B.R. 321, 328 (Bankr. S.D.N.Y. 1994)............................12

LL Lifestyle, Inc. v. Vidal (In re Vidal), 2012 Bankr. LEXIS 4198, 2012 WL 3907847 (Bankr. E.D.
Pa. Sept. 6, 2012)...............................................................................................................17

Matter of Marchiando, 13 F.3d 1111 (7th Cir. 1994) ......................................................... 20

New Jersey v. Kaczynski (In re Kaczynski), 188 B.R. 770, 773-774 (Bankr. D.N.J. 1985)................17

Shaw v. Santos (In re Santos), 304 B.R. 639 (Bankr. D.N.J. 2004)...................................... 9

Silver Care Ctr. v. Parks (In re Parks), 2007 Bankr. LEXIS 2372 (Bankr. D.N.J. July 10, 2007).....7,8

Universal Broadband Networks, Inc. v. Sternberg (In re Sternberg),
2010 U.S. Dist. LEXIS 24217, 13, 2010 WL 988550 (D.N.J. Mar. 12, 2010).........................16

U.S. v. 717 S. Woodward St., 2 F.3d 529 (3d Cir. 1993)........................................................5

U.S. Gypsum Co. v. Quigley Co. (In re G-I Holdings, Inc.), 755 F.3d 195 (3d Cir. N.J. 2014)..............4

**Statutes**

11 U.S.C. § 523(a)(2)............................................................................................ 6- 13

11 U.S.C. §523(a)(4) ............................................................................................. 14- 17

11. U.S.C. § 523(a)(6) ...........................................................................................18

**Rules**

Federal Rule of Civil Procedure 56 (c)................................................................................. 4

## PRELIMINARY STATEMENT

The Estate of Basilio Villareal and BMV, Inc. (the "Plaintiffs") filed a Motion for Summary Judgment (the "Motion") on the three counts in their complaint against defendant Jorge L. Paneque[1] (the "Defendant" or "Debtor").   In response, the Defendant submits the within Memorandum of Law, Declaration of Jorge L. Paneque ("Debtor Declaration"), and Response to Statement of Undisputed Material Facts.   In their action, the Plaintiffs assert that the Debtor should not be permitted to discharge three loans he obtained from the Debtor because he was the Plaintiff's accountant and intentionally defrauded or injured them.

The Plaintiffs would like the Court to believe that their Motion represents a simple case of a fiduciary-accountant taking advantage of his sick, blind, and elderly client by borrowing money he never intended to repay.   The Plaintiffs present that picture by failing to disclose to the Court all of the underlying circumstances of the parties' relationship, and the long and lucrative lending arrangement between the Debtor and Plaintiff Basilio Villareal ("Basilio").   Basilio was a shrewd businessman, of sound mind when he made multiple loans to the Debtor at exorbitant rates of interest.   He received hundreds of thousands of dollars in interest payments from the Debtor over the many years they did business, and was repaid every penney he lent the Debtor. In fact, this lucrative lending relationship has resulted in an action by the Chapter 7 Trustee that seeks to recover some of the monies Basilio received from the Debtor.

The Debtor made interest payments for years after he took the three loans in dispute (the "Disputed Loans").  More importantly, since the Debtor and the Plaintiffs entered into a series of

---

[1]The parties had previously agreed to dismiss Belkis L. Paneque from this action since she never participated in any of transaction at issue in this action.

1

short term loans, the Debtor borrowed and fully repaid a number of loans after the obtained two

of the three Disputed Loans.  The Debtor's financial condition deteriorated after he obtained the

Disputed Loans, and he ceased making payments to the Plaintiffs in the year prior to the

bankruptcy filing:  his bankruptcy filing occurred more than three after the Debtor filed his

bankruptcy case.  The Debtor had every intention of repaying the Disputed Loans when he

obtained them in 2008 and 2009, and made not misrepresentations to the Plaintiffs.  The Court

should find that the Plaintiffs have failed to meet their burdens under Rule 56 and the Motion

should be denied in its entirety.

## **STATEMENT OF FACTS**

Defendant hereby incorporates the facts set forth in his Response to Statement of

Undisputed Facts filed contemporaneously herewith, and the facts contained in the

accompanying Declaration of Jorge Paneque dated May 12, 2015 ("Debtor's Declaration").  He

summarizes a portion of the relevant facts and background as follows.

There is no dispute that the Debtor borrowed money from the Plaintiffs, and served as

their accountant for over 20 years.  The Debtor admits to providing the Plaintiffs with

bookkeeping, tax preparation, and some payroll services over the years, but denies rendering

business or financial advice.  The Plaintiffs assert that he did, but have provided no admissible

evidence to support that claim.

The parties do not dispute that the loan transactions among them were unrelated to their

professional relationship.  The Plaintiffs assert that the Debtor was intimately familiar with the

Plaintiffs financial condition, and took advantage of Basilio's trust.  The Debtor denies that he

took advantage of Basilio in anyway, and points to the excessive amount of interest he paid the

Debtor over the many years of their lending relationship.  The Plaintiffs have provided not

admissible evidence to support their contentions.

The Plaintiffs fail to disclose in their Motion the details of the lending relationship

between the Debtor and Basilio.  Their relationship was informal and highly profitable for the

Plaintiffs.  The Defendant borrowed loans from the Plaintiff at exorbitant rates:  the Chapter 7

trustee in the underlying bankruptcy case estimated that the interest rate for the loan transactions

ranged from 20% and 156%.   The Chapter 7 trustee in this case commenced an action against

the Plaintiffs to recover over-payments made by the Defendant because of the high rate of

interest charged.  The Plaintiffs allege that Basilio was a sick, retired, blind old man who was

taken advantaged of by his accountant while ignoring the fact that the Debtor has repaid, over

time, more money than he borrowed from the Plaintiffs.

Between 2007 and 2009, the parties engaged in no less than twelve (12) loan

transactions;  the Defendant repaid nine (9) of those loans (the "Repaid Loans") with high

interest rates.  There are only three (3) loans at issue in this action (the "Disputed Loans"):  two

loans issued in late 2008 and one in early 2009.  However, the Disputed Loans were not the final

loans between the parties.  There were three (3) more loans issued and repaid afterwards the

Debtor obtained the Disputed Loans.

The Debtor did not wrongfully obtain these loans; he obtained the Disputed Loans in the

same manner he had employed for years.  The Defendant continued to make payments three (3)

years after the final loan was made in December 2009.  The Debtor did not stop making

payments on the Disputed Loans until 2012, and filed his bankruptcy petition in 2013.  The

Defendant's inability to fulfill the terms of the exorbitant loans do not warrant the denial of his

3

discharge, and the Plaintiffs have failed to prove otherwise.

## ARGUMENT

## POINT I

## THE PLAINTIFFS HAVE NOT MET THEIR BURDEN OF PROOF BECAUSE THERE ARE GENUINE ISSUES OF MATERIAL FACTS AND AN ABSENCE OF SUFFICIENT ADMISSIBLE EVIDENCE TO ESTABLISH THAT THE DEBTOR OBTAINED MONEY FROM THE PLAINTIFFS BY WAY OF FALSE REPRESENTATIONS CONCERNING HIS <u>FINANCIAL CONDITION UNDER 11 U.S.C. § 523(a)(2)</u>

A.      <u>The Plaintiffs Have Failed to Meet their Burden Under Rule 56</u>

The Defendant does not dispute the statements and citations of law set forth by the

Plaintiffs that govern the Court's determination of whether the Plaintiffs have satisfied their

burden of proof under Rule 56 and the supporting cases.   These legal standards are well-known

and well settled.  <u>See</u>, <u>e.g.</u>, the Third Circuit's recent summary of the standard:

> Summary judgment is proper "if the movant shows that there is no
> genuine dispute as to any material fact and the movant is entitled to
> judgment as a matter of law." Fed. R. Civ. P. 56(a). "An issue is
> genuine only if there is a sufficient evidentiary basis on which a
> reasonable jury could find for the non-moving party, and a factual
> dispute is material only if it might affect the outcome of the suit
> under governing law." ... In conducting our review, we view the
> record in the light most favorable to the non-moving party and
> draw all reasonable inferences in that party's favor.  A motion for
> summary judgment is properly denied if "a fair-minded jury could
> return a verdict for the [non-moving party] on the evidence presented."

<u>U.S. Gypsum Co. v. Quigley Co. (In re G-I Holdings, Inc.)</u>, 755 F.3d 195, 201 (3d Cir. N.J.
2014) (quotations and citations omitted).

See also <u>GMAC Inc. v. Coley (In re Coley)</u>, 433 B.R. 476, 486, (Bankr. E.D. Pa. 2010) ("Before

a motion for summary judgment may be granted, the court must find that the motion alleges facts

that, if proven at trial, would require a directed verdict in favor of the movant.") (citation

omitted).   There is no question that "All reasonable inferences must be drawn in favor of the

4

nonmoving party and against the movant." U.S. v. 717 S. Woodward St., 2 F.3d 529, 533 (3d

Cir. 1993).

The Motion seeks summary judgment denying the Defendant's discharge based on four

claims: (1) Fraud, false pretense and false representation based on the Defendant's alleged

material misrepresentations to the Plaintiffs; (2) the use of Defendant's alleged materially false

written statements – in the form of post dated checks and acknowledgments of debt – to induce

the Plaintiffs to make loans that resulted in loss of money; (3) breach of the alleged fiduciary

relationship between the parties by entering into loan transactions; and (4) the willful and

malicious injury of the Plaintiffs by Defendant.  However, as set forth in greater detail below, the

Plaintiffs have failed to submit admissible evidence sufficient to establish that there is no

material fact in dispute, and that they are entitled to judgement as a matter of law, on any of their

four claims.

As stated above, the Motion is supported solely by a deposition transcript of the Debtor

(the "Transcript"); a declaration of the Basilio's granddaughter Jennifer Rodriguez ("Jennifer" or

the "Jennifer Declaration"); a letter prepared by the Debtor reciting the Basilio's income in

2009; a copy of a complaint filed by the Plaintiffs in state court against the Debtor; and copies of

checks produced  by the Debtor.  None of these documents demonstrate the Plaintiffs are entitled

to the relief they seek by a preponderance of the evidence.

The Debtor alleges that Jennifer has no personal knowledge of the acts complained of in

the Motion and is not competent to testify in this case since she has no direct personal

knowledge of the facts:  there is no dispute that Jennifer was not present when the Debtor

entered into the Disputed Loans in question.  None of the other documents submitted support the

contentions raised in the Motion, and the underlying Complaint.  The Plaintiffs have woefully

failed to demonstrate that they are entitled to judgment against the Defendant as a matter of law.

B.      Plaintiffs Failed To Adequately Prove The Elements Required By Section 523(a)(2)(A)
        Since the Defendant Did Not Make Materially False Statements Or Intend To Deceive
        the Plaintiffs Regarding His Intention to Repay The Loans.

        The Plaintiffs seek to declare the debt due from the Defendant to be nondischargeable

under Section 523(a)(2)(A), claiming that the debt was incurred by actual fraud. That section

provides:

> (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does
> not discharge an individual debtor from any debt --
> . . . .
>> (2) for money, property, services, or an extension, renewal, or refinancing of
>> credit, to the extent obtained by –
>>
>>> (A) false pretenses, a false representation, or actual fraud, other than a
>>> statement respecting the debtor's or an insider's financial condition.

11 U.S.C. § 523(a)(2)(A).

        The Defendant does not disagree with the summary of applicable law cited by the

Plaintiffs in their Memorandum of Law regarding nondischargeability under this section of the

Bankruptcy Code, and does not restate the standards herein.  The Debtor solely reiterates the

following applicable law.

        In order to satisfy the mandates of Section 523(a)(2), the Plaintiffs must prove their case

by a preponderance of the evidence.  Grogan v. Garner, 498 U.S. 279, 287-88 (1991).  It is well-

settled that in order to establish nondischargeability under section 523(a)(2)(A), the Plaintiffs

must show by a preponderance of the evidence that:

> (1) the debtor made the misrepresentations;
> (2) that at the time he knew they were false;
> (3) that he made them with the intention and purpose of deceiving the creditor;

6

(4) that the creditor relied on such representations; and
(5) that the creditor sustained the alleged loss and damage as the proximate result
of the representations having been made.

E.g., Silver Care Ctr. v. Parks (In re Parks), 2007 Bankr. LEXIS 2372, 30 (Bankr. D.N.J. July 10, 2007).

However, Section 523(a)(2)(A) contains an exception, and makes clear that a false representation

of financial condition may not serve as the basis for objecting to the Debtor's discharge. Such

representations are excluded from the scope of Section 523(a)(2)(A). See, e.g., GMAC Inc. v.

Coley (In re Coley), 433 B.R. 476, 492 (Bankr. E.D. Pa. 2010) (citing In re Guthier, 2010 Bankr.

LEXIS 2128, 2010 WL 1443989, at *7 (Bankr. N.D.N.Y. Apr. 9, 2010); In re Zalusky, 2004

Bankr. LEXIS 2583, 2004 WL 5677099, at *4 (Bankr. N.D.N.Y. Apr. 1, 2004); In re Iaquinta,

95 B.R. 576, 578 (Bankr. N.D. Ill. 1989)).

The Plaintiffs appear to allege that the Debtor committed actual fraud, but can not cite

admissible evidence to support their contentions. For example, on Memo. Page 11, the Plaintiffs

assert that "deposition transcripts of Paneque, Paneque's fiduciary relationship with Basilio, and

the fact of the Debtor's prior bankruptcy proceeding" all establish that there are no material facts

in dispute. But the Debtor disputes that he served as the Plaintiff's fiduciary when he obtained

the Disputed Loans, he disputes that his 1997 bankruptcy filing had any connection to his 2008

and 2009 loans from the Plaintiffs, and there are no admissions of acts constituting actual fraud

in the Debtor's deposition testimony. The Debtor denies that he met with Basilio alone and

excluded anyone from his meetings, and denied he obtained the Disputed Loans with the

knowledge that he could not repay them. Most importantly, there is nothing contained in the

Motion to demonstrate the majority of the Plaintiffs' contentions.

7

C.     The Debtor Did Not Make False Statements Regarding His Financial Circumstances to the Plaintiffs Either by Overt Statements or Omissions to Obtain the Disputed Loans from the Plaintiffs.

The Debtor categorically denies making any misrepresentations or false statements of fact to Basilio in connection with his borrowing from him.  See Debtor Decl.at Paras. 5, 8, and 9.  Second, even if the Court were to determine that the Plaintiffs' allegations that the Defendant made false representations were true, they have failed to prove that their reliance was reasonable.  Third, the Plaintiffs have failed to establish that they suffered damages as a proximate result of their reliance on the alleged false representation.

(i)     *False Representation by Overt Statements*

Section 523(a)(2)(A) requires that the Plaintiffs show evidence of a debt, for money, property, services or credit, that was obtained by false pretenses, false representations or actual fraud.  The Court in Silver Care Ctr. v. Parks (In re Parks), 2007 Bankr. LEXIS 2372, 30 (Bankr. D.N.J. July 10, 2007), observed that

> "The language "obtained by" clearly indicates that the fraudulent conduct occurred at the inception of the debt, i.e., the debtor committed a fraudulent act to induce the creditor to part with its money, property or services. . . . Misrepresentations made subsequent to the creation of the debt "have no effect upon the dischargeability of a debt, since the false representation could not have been the creditor's reason for the extension of credit."

*Id.* at 31(internal citation and quotation marks omitted).  The Debtor did not provide the Plaintiffs with any false or misleading information about his ability to repay the Disputed Loans when he took them in 2008 and 2009, and the Plaintiffs have not provided any proof of same.  Instead, the Debtor has testified that he did not begin to question his ability to repay the Disputed Loans until 2010.  Despite that fact, he continued to make payments on the loans until 2012.  In fact, the Debtor testified that he was current on his debt payments when he obtained the

8

Disputed Loans, and did not foresee a problem repaying the Plaintiffs. The Plaintiffs' failure to proffer evidence in support of their contentions demonstrate they have not met their burden under Rule 56 by establishing the Debtor made false representation or engaged in false pretenses or actual fraud in connection with the Disputed Loans.

(ii)     *False Representation by Omission*

The Plaintiffs assert that the Debtor failed to disclose information to the Plaintiffs regarding his financial condition, and that this omission of fact equated an omission of fact under § 523(a)(2)(A). The Debtor does not dispute that courts have found that a misrepresentation includes "not only words spoken or written but also any other conduct that amounts to an assertion not in accordance with the truth." Shaw v. Santos (In re Santos), 304 B.R. 639, 661 (Bankr. D.N.J. 2004) (internal citations omitted). However, for an omission to rise to the level of impermissible conduct under Section 523(a)(2)(A), it must create "an implied representations, or conduct intended to create or foster a false impression." Farraj v. Soliz (In re Soliz), 201 B.R. 363, 370 (Bankr. S.D.N.Y. 1996) (internal citations and quotation marks omitted).

For example, in Bombardier Capital v. Baietti (In re Baietti), 189 B.R. 549, 553 (Bankr. D. Me. 1995), the court found that a material omission of fact made by a debtor to a creditor regarding the nature of his inventory met the misrepresentation standard of § 523(a)(2)(A) when the creditor derived false material information from the debtor's behavior that influenced the creditor to engage in business with the debtor. No such omission of fact occurred among the parties here, despite the Plaintiff's assertions to the contrary. The Debtor borrowed money multiple times in 2008 and 2009, and repaid most of those loans: since he was able to repay the loans through 2012, their was no information he failed to disclose to the Plaintiffs. In addition,

9

the Plaintiffs fail to indicate the behavior or conduct of the Defendant that led them to derive the false material information they relied on to issue the Disputed Loans.

The Plaintiffs make numerous allegations in the Memorandum of Law that are wholly unsupported by evidence, and designed to mislead the Court.  For example, the Plaintiffs assert in the Motion, unsupported by any evidence, that the Defendant's lavish lifestyle misled the Plaintiffs as to his financial condition.  They fail to acknowledge that Basilio knew the Defendant had a successful tax preparation and bookkeeping practice that provided the Debtor with a steady source of income for many years.   The Defendant testified in his deposition that the loans were used for his real estate investments and he informed Basilio of that fact.  The Plaintiffs have failed to meet the misrepresentation requirement of Section 523(a)(2)(A) since they provided no evidence they relied on specific acts by the Defendant as the basis to issue loans.

The Plaintiffs assert that the Defendant's failure to disclose the denial of credit from institutional lenders, his loan obligations with other individual lenders, and his 1997 bankruptcy filing constitute a deliberate act of deception to induce the Plaintiffs to issue loans.  However, they do not provide any evidence that such knowledge would have resulted in Basilio's decision to lend the Debtor money.   The undisputed testimony of the Defendant is that Basilio did not ask him about his other loans.  Moreover, the Plaintiffs fail to dispute the Defendant's contention that the Plaintiffs entered into loan transactions with him because of the above market rate of interest he repaid to them.  In fact, the high rate of interest could suggest that the Plaintiff knew the loans were risky.

D.    The Plaintiffs Failed To Prove The Defendant Possessed The Necessary Intent to Support
their Section 523(a)(2)(A) Claims.

It is well established that the mere inability to repay a debt, without anything more, will

not support a claim under § 523(a)(2)(A).  Were that not the case, then

> every breach of contract would give rise to a nondischargeability claim under §
> 523(a)(2)(A).  Instead, central to the concept of fraud is the existence of scienter
> which, for the purposes of § 523(a)(2)(A), requires that it be shown that at the
> time the debt was incurred, there existed no intent on the part of the debtor to
> repay the obligation.

In re Ijbara, 2015 Bankr. LEXIS 1251, 10-12 (Bankr. D.N.J. Apr. 10, 2015) (internal citations
and quotation marks omitted).

The determination of whether a debtor had the requisite fraudulent intent involves a

subjective inquiry into his state of mind at the time the debt was incurred. Id. *See also* In re

Singh, 433 B.R. 139, 163 (Bankr. E.D. Pa. 2010).  However, due to the inherent difficulty in

determining the debtor's state of mind, intent may be established by the totality of the

circumstances.

To determine if a debtor had the requisite intent, courts have considered such factors as:

> (1) The length of time between incurring the debt and filing bankruptcy;
> (2) Whether an attorney was consulted concerning the filing of bankruptcy before
> the debt was incurred;
> (3) The number of debts incurred;
> (4) The amount of the debts;
> (5) The debtor's financial condition at the time the debts were incurred;
> (6) Whether the debtor was employed;
> (7) The debtor's prospects for employment;
> (8) The debtor's financial sophistication.

Collier v. Goepp (In re Goepp), 455 B.R. 388, 396 (Bankr. D.N.J. 2011).

The application of the foregoing factors to the instant case compels the conclusion that

the Debtor did not possess the necessary *scienter* to support the Plaintiffs' Section 523(a)(2)(A)

11

claims.  First, the last loan transaction occurred in 2009 and the Defendant did not file the

underlying bankruptcy petition until 2013.  Second, the Debtor did not meet with his bankruptcy

counsel prior to taking the Disputed Loans.  Third, while the parties entered into multiple loan

transactions, the Disputed Loans were not the final three loans made to the Debtor.  The

Defendant borrowed and repaid loans entered into after the Disputed Loans were made,

demonstrating that he had the ability to repay loans in 2008 and 2009.  Fourth, the Plaintiffs

failed to provide evidence contradicting the Defendant's claim that he repaid amounts in excess

of the sums borrowed.  Fifth, at the time the Debtor entered into the disputed loan transactions,

he was current on his monthly obligations.  This assertion is supported by the three subsequent

loans borrowed and repaid pursuant to their terms.  Sixth, at all times in contention, the

Defendant was employed and actively engaged in his real estate investments.  Seventh, the

Defendant was cognizant of financial circumstances and he ceased borrowing money after he

began to question his ability to repay loans in 2010.

The Plaintiffs allege that proof of "reckless indifference to the truth" satisfies both the

knowledge and intent requirements of Section 523(a)(2)(A), citing Green v. Salvatore (In re

Salvatore), 2011 WL 2115816 (Bankr. D.N.J. 2011).  However, while the scienter element may

be inferred from the totality of the circumstances, "fraudulent intent cannot be presumed. The

permissible inference will be negated where the debtor comes forward with some evidence that

he did not intend to deceive the plaintiff."  See Kuper v. Spar (In re Spar), 176 B.R. 321, 328

(Bankr. S.D.N.Y. 1994); In re Balzano, 127 B.R. 524, 531 (Bankr. E.D.N.Y. 1991) (debtor made

payments for one year on debt before filing a Chapter 7 petition when he was no longer able to

do so and therefore did not hold intent not to perform at the time the debt was made); In re Gans,

12

75 B.R. 474, 487 (Bankr. S.D.N.Y. 1987) (debtor made interest payments for a substantial period of time after receiving loans and did not show an intent not to perform).  Therefore, the Court may find that where a debtor makes payments to the lender, such payments evidence of a debtor's lack of fraudulent intent.  <u>Balzano</u>, at 531.  The Defendant continued to make payments to the Plaintiffs for three years after the last loan he received from the Plaintiffs.

The Plaintiffs have also failed to submit proof that Defendant, at the time he received the disputed loans, was not in a position to repay them.  The Plaintiffs do not provide any proof beyond mere conjecture about what the Defendant knew at the time the loans were issued by the Plaintiffs.  Therefore, a review of the totality of the circumstances in this case do not warrant the inference that the Defendant had the necessary intent to not repay the disputed loans.

E.    Plaintiffs Fail To Adequately Prove The Defendant Used A Written Statement to Induce Loans Pursuant to Section 523(a)(2)(B).

The parties had a history of documenting their loans by exchanging checks and handwritten 'promissory notes'.  The Plaintiffs contend that the checks and promissory notes constitute a writing for the purposes of Section 523(a)(2)(B) and were materially false because the Defendant knew or should have known he would be unable to honor the terms of the Disputed Loans.  Once again, this argument is unsupported by any admissible evidence or the facts of this case.  In order to prove this assertion, the Plaintiffs would have to prove that when the checks were issued to the Plaintiffs, the Debtor knew or should have known that he could not repay them.  <u>E.g.</u>, <u>In re Cohen</u>, 191 B.R. 599, 605 (D.N.J. 1996); <u>In re Dinter</u>, No. 93-3823, 1993 U.S. Dist. LEXIS 16602, 1993 WL 484201, at *5 (D.N.J. Nov. 19, 1993).  Since the Debtor paid the Disputed Loans for three years after they were taken, and he obtained and repaid other loans after he obtained two of the three Disputed Loans, the Plaintiffs simply have not established this

13

claim.

## POINT II

**THE PLAINTIFFS HAVE NOT MET THEIR BURDEN OF PROOF BECAUSE THERE ARE GENUINE ISSUES OF MATERIAL FACTS AND AN ABSENCE OF SUFFICIENT ADMISSIBLE EVIDENCE TO ESTABLISH THAT  THE DEBTOR ENGAGED IN FIDUCIARY FRAUD UNDER 11 U.S.C. § 523(a)(4)**

The Plaintiffs have asked the Court to find that the Debtor served as a fiduciary to the Plaintiffs when he obtained the Disputed Loans, he committed fraud in connection with those loans, and he should be denied the discharge of his alleged debt to Basilio under 11 U.S.C. 523 (a)(4).  In support of this argument, the Plaintiffs allege that because the Debtor holds himself out to be a CPA, Memo. at Page 18, and accountants have special relationships with their clients under New Jersey common law, Memo. at Page 19, the Court should find that the Debtor was a fiduciary of the Plaintiffs when he obtained the Disputed Loans.

A.    <u>The Debtor was Not a Fiduciary to the Plaintiffs in Connection with the Disputed Loans</u>

The Plaintiffs argument is flawed, and the Plaintiffs have not demonstrated that they are entitled to judgment as a matter of law.  First, the Plaintiffs do not cite any legal support for the proposition that an accountant shall be deemed a fiduciary in connection with every transaction he enters into with a client.  Numerous courts have found generally that unless the alleged misconduct relates to the performance of the fiduciaries duties, the alleged fiduciary-professional should not be deemed a fiduciary of the client for the transaction in question.  <u>See</u>, <u>e.g.</u>, <u>In re Khalif</u>, 308 B.R. 614 (Bankr. N.D. Ga. 2004) ("Bankruptcy court must find that the debtor acted as a fiduciary and that in the course of performing his fiduciary duties, he committed an act of fraud or defalcation.") (citing <u>Eavenson v. Ramey</u>, 243 B.R. 160, 164-165 (N.D. Ga. 1999))

14

(Court found that loans taken by debtor-accountant filing from his client two days before the debtor's bankruptcy filing was unrelated to his services as an accountant to the creditor); In re Farley, 156 B.R. 486 (Bankr. W.D. Pa. 1993) (Court found that tax shelter transactions between debtor-accountant and client at issue were done at arm's length and did not occur while accountant was acting as a fiduciary); In re Marcet, 352 B.R. 462 (Bankr. N.D. Ill. 2006) (finding that debtor accountant who had prepared his uncle's tax returns for 20 years was insufficient, without more, to deem him a fiduciary under § 523(a)(4)).  Since the Disputed Loans were for the Debtor's personal real estate investments, and were wholly unrelated to the services he rendered Basilio, the Court should find that Debtor was not acting in his fiduciary capacity when he obtained the Disputed Loans.

Second, the Plaintiffs have not met their burden of demonstrating that the Debtor should be deemed a fiduciary by the Court under applicable law under the circumstances of this case, and not simply because he is an accountant.  The courts in this Circuit have clearly recognized that the broad general definition of a fiduciary - a relationship involving confidence, trust and good faith - is not applicable to a discussion about dischargeability under Section 523(a)(4). See, e.g., In re Rausch, 49 B.R. 562, 564 (Bkrtcy.D.N.J.1985); Universal Broadband Networks, Inc. v. Sternberg (In re Sternberg), 2010 U.S. Dist. LEXIS 24217, 13, 2010 WL 988550 (D.N.J. Mar. 12, 2010) (citing, among others, Chapman v. Forsyth, 43 U.S. (2How) at 207, 11 L.Ed. at 238); New Jersey v. Kaczynski (In re Kaczynski), 188 B.R. 770, 773-774 (Bankr. D.N.J. 1985). The New Jersey federal courts limit the finding of a breach of a fiduciary relationship to instances in which a technical or express has been created; the Plaintiffs do not dispute this point.

15

The Plaintiffs fail to demonstrate the existence of an express or technical trust in the case, and appear to have conceded that no such trust exists in this case.  In <u>re Kaczynski</u> , <u>Id.</u>, the bankruptcy court summarized the law of fiduciaries as follows:

> The scope of the term "fiduciary" under § 523(a)(4) is a question of federal law. <u>Matter of Rausch</u>, 49 Bankr. 562, 563 (Bankr. D.N.J. 1985) (citing <u>Matter of Angelle</u>, 610 F.2d 1335, 1341 (5th Cir. 1980)). Analysis of state law, however, is necessary to determine when the requisite trust relationship exists. <u>Matter of Angelle</u>, 610 F.2d at 1341; <u>In re Librandi</u>, 183 Bankr. 379, 382 (M.D.Pa. 1995). The traditional definition of "fiduciary," involving a relationship of confidence, trust and good faith, is too broad for the purposes of bankruptcy law<u>. Matter of Rausch</u>, 49 Bankr. at 564 (citing <u>Chapman v. Forsyth</u>, 43 U.S. 202, 11 L. Ed. 236 (1844); <u>Upshur v. Briscoe</u>, 138 U.S. 365, 11 S. Ct. 313, 34 L. Ed. 931 (1891); <u>Davis v. Aetna Acceptance Co.</u>, 293 U.S. 328, 55 S. Ct. 151, 79 L. Ed. 393 (1934); <u>Matter of Angelle</u>, supra)). **Rather, the meaning of "fiduciary" for purposes of Bankruptcy Code section 523(a)(4) is limited to instances involving express or technical trusts.**  <u>Chapman v. Forsyth</u>, 2 U.S. at 207, 11 L. Ed. at 238; <u>Davis v. Aetna</u>, 293 U.S. at 333, 55 S. Ct. at 153-54.  Moreover, the trustee's duties must be independent of any contractual obligation between the parties and must be imposed prior to, rather than by virtue of, any claim of misappropriation.  <u>Davis v. Aetna</u>, 293 U.S. at 333, 55 S. Ct. at 154; <u>Upshur v. Briscoe</u>, 138 U.S. at 378, 11 S. Ct. at 317, 34 L. Ed. at 936.  Accordingly, **implied or constructive trusts and trusts ex maleficio are not deemed to impose fiduciary relationships under the Bankruptcy Code.**   <u>Matter of Angelle</u>, 610 F.2d at 1339. The reason for this narrow interpretation is to promote the Bankruptcy Code's "fresh start" policy.  Id.

Id. at 773-74.

See also <u>In re Gonzalez</u>, 2014 Bankr. LEXIS 3225, 10, 2014 WL 3725937 (Bankr. D.N.J. July 28, 2014) (stating that the meaning of "fiduciary" for purposes of Section 523(a)(4) is limited to relationships involving express or technical trusts).  The New Jersey courts recognize that a trust can be established by common law or statute, and need not arise by formal trust agreement.  <u>E.g.</u>, <u>In re Kaczynski</u> at 774 (citations omitted); <u>Cho v. Tuan (In re Tuan)</u>, 2013 Bankr. LEXIS 1932, 10, 2013 WL 1867856 (Bankr. D.N.J. Apr. 26, 2013).

On Memo. Page 20, the Plaintiffs suggest that the Court follow the reasoning of a case out of the Seventh Circuit – instead of the cases decided by the New Jersey Bankruptcy Courts – that is inconsistent with the prevailing law in this District entitled <u>Matter of Marchiando</u>, 13 F.3d 111, 1115-16 (7th Cir. 1994).  The Plaintiffs also cite a case applying Illinois law that supports the <u>Marchiando</u> line of cases entitled <u>In re Lois/USA Inc.</u>, 264 B.R. 69 (Bankr. SD.N.Y. 2001). However, the Plaintiffs fail to demonstrate why the Court should choose to follow a line of cases that conflicts with established precedent in this District; the Debtor presumes it is because the Plaintiffs concede the can not meet the standards set forth in the cases cited above.  For these reasons, the Plaintiffs can not demonstrate that the Debtor acted as a fiduciary in connection with the Disputed Loans, and they have not met their burden under Section 523(a)(4).  Alternatively, the Court should conclude that whether the Debtor acted as a fiduciary raises a material issue of the fact that can not be determined by the Motion.

B.      <u>The Plaintiffs Have Failed to Establish the Debtor Committed Fraud or Defalcation</u>

The Plaintiffs have also failed to prove that the Debtor engaged in fraud or defalcation in connection with the Disputed Loans.   The Plaintiffs do not allege that the Defendant engaged in any wrong acts while acting as their accountant, and the Debtor disputes he acted as their fiduciary in connection with the Disputed Loans.

Furthermore, the Plaintiffs have failed to establish that the loan proceeds constituted trust funds that were misappropriated by the Debtor.  In order to prove defalcation under Section 523(a)(4), the term ""defalcation" is limited to situations where a fiduciary misappropriates or otherwise fails to account for money or property held in her fiduciary capacity. Inherent in 'defalcation' is the requirement that there be a breach of fiduciary duty; if there is no breach,

17

there is no defalcation." <u>LL Lifestyle, Inc. v. Vidal (In re Vidal)</u>, 2012 Bankr. LEXIS 4198,

67-68, 2012 WL 3907847 (Bankr. E.D. Pa. Sept. 6, 2012).   The Court would have to find that

the loan proceeds constituted trust funds, under the circumstances of this case.   The Debtor

submits that the loan proceeds were not trust funds, and there is no support for that contention.

    The Plaintiffs further allege the Defendant violated that fiduciary duty by requesting

loans from them.   However, there is no rule forbidding professionals from requesting personal

loans from their clients, and the Plaintiffs do not cite such a rule.   For these reasons, the Debtor

asserts that the Plaintiffs have not met their burden under Rule 56 in connection with this claim.

**POINT III**

**THE PLAINTIFFS HAVE NOT MET THEIR BURDEN OF PROOF BECAUSE THERE
ARE GENUINE ISSUES OF MATERIAL FACTS AND AN ABSENCE OF SUFFICIENT
ADMISSIBLE EVIDENCE TO ESTABLISH THAT THE DEBTOR WILLFULLY AND
MALICIOUSLY DEPRIVED THE PLAINTIFFS OF THEIR MONEY 11 U.S.C. § 523(a)(6)**

    It is axiomatic that an injury is willful and malicious under the Section 523(a)(6) only if

the actor purposefully inflicted the injury or acted with substantial certainty that injury would

result.  <u>Conte v. Gautam</u> (<u>In re Conte</u>), 33 F.3d 303, 305 (3d Cir. 1994).   The moving party

needs to prove this element by a preponderance of the evidence.  <u>Id</u>.

     The Plaintiffs are, without question, unable to establish the elements necessary to prove

that the Debtor engaged in the type of behavior prohibited by this section.   The Debtor harbored

no ill will towards Basilio, and generously compensated him for the loans.   Moreover, since

Basilio was repaid all of the money he lent the Debtor, the Plaintiffs have failed to establish that

the Plaintiffs have suffered an injury as result of the Disputed Loans.

    Finally, even if the Defendant owes the Plaintiffs money, they have provided any

evidence that he knew with substantial certainty that he would be unable to repay his loan.   As

18

discussed previously, the Defendant entered into every loan transactions with the Plaintiffs with

the intention to repay and the Plaintiffs have not provided with any evidence to the contrary.

<u>CONCLUSION</u>

For the reasons stated above, the Motion should be denied.


Dated: Astoria, New York
        May 5, 2015

                                                                    */s/Norma E. Ortiz*
                                                                    Norma E. Ortiz, Esq.
                                                                    Ortiz & Ortiz, L.L.P.
                                                                    32-72 Steinway Street, Ste. 402
                                                                    Astoria, New York  11103
                                                                    Tel. (718) 522-1117
                                                                    Fax (718) 596-1302
                                                                    *Attorneys for the Debtors*

19